UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>                                                            Plaintiffs,<br><br>            -against-<br><br>TRIANGLE ENTERPRISE NYC, INC. and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                                                            Defendants. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section 220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff The Carpenter Contractor Alliance of Metropolitan New York (together, with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation.

7. Defendant Triangle Enterprises Inc. ("Triangle") is a corporation authorized to do business in the state of New York. At all relevant times, Triangle was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Triangle maintains its principal place of business at 125 Ontario Avenue, Staten Island, New York 10301.

8. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a corporation organized and existing under the laws of the State of Massachusetts and is authorized to do

business in the State of New York.  Liberty Mutual maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

## STATEMENT OF FACTS

9. At all relevant times, Triangle was a party to or otherwise bound by a collective bargaining agreement ("CBA"), project labor agreement, and/or participation agreement with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

11. The CBA required Triangle to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. Triangle failed to remit all required contributions to the Funds in connection with Covered Work it performed, on the P.S. 144Q project located at 69-20 Juno Street, Forest Hills, New York 11375 (the "P.S. 144Q project") and the P.S. 66Q project located at 85-11 102nd Street Richmond Hill, New York 11418 (the "P.S. 66Q project") (together with the P.S. 144Q project "the Projects") for the New York School Construction Authority.

13. Triangle performed Covered Work on the P.S. 144Q Project up through at least January 27, 2019 and failed to remit required contributions of at least $14,184.64 to the Funds in connection with such work.

14. Triangle performed Covered Work on the P.S. 66Q Project up through at least June 16, 2019 and failed to remit required contributions of at least $19,317.24 to the Funds in connection with such work.

15. Liberty Mutual issued payment bond No. 015054344 and payment bond No. 015054342 (the "payment bonds") guaranteeing payment of all wages and benefits owed by MPCC Corp. and its subcontractors in connection with work they performed on the Projects.

16. By issuing the payment bonds, Liberty Mutual assumed liability for the payment of all contributions owed by Triangle in connection with work it performed on the Projects.

### FIRST CLAIM FOR RELIEF AGAINST TRIANGLE
*Unpaid Contributions Under 29 U.S.C. § 1145*

17. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

19. The CBA requires that Triangle make contributions to Plaintiffs for all Covered Work it performed on the Projects.

20. Triangle has failed to remit contributions to the Funds in connection with all Covered Work it performed on the Projects.

21. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Triangle is liable to Plaintiffs for: (1) its unpaid contributions on the Projects in the amount of at least $33,501.88; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST TRIANGLE
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

22. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

24. Triangle violated the terms of the CBA when it failed to make all contributions due and owing for work it performed on the Projects.

25. As a result of Triangle's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of NYLL § 220-g*

26. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

28. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Triangle's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees on the Projects.

29. By issuing the payment bonds, Liberty Mutual assumed joint and several liability with Triangle to pay any and all wages and supplements due and owing as a result of Triangle's failure to pay for work performed on the Projects.

30. Triangle failed to make all supplemental benefits payments to Plaintiffs for work performed by its employees on the Projects.

31. In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

32. Therefore, Defendants are required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Projects.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Common Law Claim Against the Bond*

33. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. Liberty Mutual issued common-law bonds on the Project.

35. Pursuant to the common-law bonds, Liberty Mutual guaranteed the payment of wages and benefits to Triangle's employees on the Projects and thereby assumed joint and several liability with Triangle to pay any and all wages and benefits due and owing as a result of Triangle's failure to pay benefits for work performed on the Projects.

36. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Triangle's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees.

37. Triangle failed to make all required supplemental benefits payments to Plaintiffs for work performed by its employees on the Projects.

38. Therefore, under the common-law bonds and pursuant to the principles of common-law suretyship, Liberty Mutual is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Projects.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Triangle for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed on the Projects;

ii. Order Triangle to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, collection costs incurred by Plaintiffs;

iii. Award judgment in favor of Plaintiffs and against Liberty Mutual for the amount of all contributions owed by Triangle for work it performed on the Projects, plus interest; and

iv. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 23, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Marlie Blaise, Esq.
Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*